UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIE MULLINS,

    Plaintiff,

v.                                  Case No: 2:21-cv-247-SPC-NPM

SECURIAN LIFE INSURANCE
COMPANY and UNITED
PARCEL SERVICE OF
AMERICA, INC., EMPLOYEE
GROUP TERM LIFE
INSURANCE PLAN
ADMINISTRATOR,

    Defendants.
_____/

**OPINION AND ORDER**[1]

Before the Court are Motions to Dismiss filed by Defendants Securian Life Insurance Company and United Parcel Service of America, Inc. ("UPS") (Docs. 17; 21). Plaintiff Marie Mullins responded in opposition (Docs. 23; 30), to which Defendants replied (Docs. 27; 35). The Motions are granted.

Before starting, it's necessary to clarify the documents under review. Obviously, the Complaint is the focus of this analysis. *See Wilchombe v. TeeVee*

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

*Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). But Mullins attaches a host of papers to it. (Doc. 1-4). An exhibit "to a complaint generally becomes 'part of the pleading for all purposes,' Fed. R. Civ. P. 10(c), including for ruling on a motion to dismiss." *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019). So the Court considers those documents.

Likewise, it is proper to rely on the summary plan description ("SPD") of UPS' employee life insurance plan ("Plan") (Doc. 22 at 4-135). A motion to dismiss typically transforms into summary judgment when a court considers matters outside the complaint. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). There are limited exceptions—a "district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Id.* Here, the SPD is central to Mullins' claims: it is referenced in the Complaint and summarizes the Plan (i.e., the basis for relief). What's more, Mullins does not challenge the SPD's authenticity. The SPD, therefore, is properly here.

## BACKGROUND

This is a case under the Employee Retirement Income Security Act ("ERISA"). In 1990, Timothy O'Connor took a job with UPS. This made him eligible to participate in the Plan. Almost immediately, he signed a form designating Mullins—his girlfriend—as sole beneficiary ("1990 Policy"). Before his death in 2020, O'Connor never changed the beneficiary designation.

So when Securian administered his life-insurance claim, it thought Mullins was beneficiary. The two spoke, and Mullins provided some documents. Then, Securian determined Mullins was beneficiary and paid her a few hundred thousand dollars ("Proceeds").

Open-and-shut case, right? Securian seemed to think so. But then, it got interesting.

O'Connor's family reached out to Securian looking for the Proceeds. Afterward, Securian discovered UPS terminated O'Connor in 2000. In doing so, the 1990 Policy terminated, along with its beneficiary designation. A few months later, UPS rehired O'Connor—making him again eligible to participate in the Plan ("2000 Policy").[2] At that time, he didn't designate any beneficiary. So when O'Connor died, the Proceeds should have been paid to his family as explained in the Plan (i.e., *per stirpes* following common intestacy distribution). Realizing its error, Securian asked Mullins to return the Proceeds. Unsurprisingly, Mullins pushed back.

Mullins requested several documents from Securian. It sent one document, a certificate of insurance, and made conflicting statements on who was plan administrator (Securian or UPS). Eventually, Mullins sued, seeking five declarations and two damages claims. These Motions followed.

---

[2] These are not really separate insurance policies. But the Court uses 1990 and 2000 Policy as shorthand to distinguish between the pre- and post-termination periods.

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must accept all well-pled allegations as true and view them most favorably to plaintiff. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

## DISCUSSION

All Mullins' claims stem from ERISA's civil enforcement provisions. Under this scheme, only certain specified individuals have standing. *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1240 (11th Cir. 2001). Where relevant, ERISA allows beneficiaries to sue for damages and equitable relief. 29 U.S.C. § 1132(a)(1), (3). Mullins alleges she is a beneficiary—sort of.[3]

A beneficiary is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit

---

[3] The "standing" inquiry here is a bit of a misnomer. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014). While Defendants challenge Mullins' Article III standing, it is clear she has it on at least some claims. Constitutional "standing is not dispensed in gross" though. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). Because this Order will not reach the merits and Mullins can replead, the Court will address Article III standing (if necessary) on the amended complaint. Yet Mullins should review each claim and only plead those on which she has standing. *See id.*

thereunder." 29 U.S.C. § 1002(8). Courts are tight with their construction of this provision, with some calling ERISA standing a jurisdictional issue. *A.J. ex rel. Dixon v. UNUM*, 696 F.3d 788, 789 (8th Cir. 2012).

To be a beneficiary, an individual must have "a colorable claim to vested benefits." *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989) (construing the similar—but different—definition of "participant"). Yet the statute not only looks to whether a purported beneficiary may get benefits. *Cobb v. Cent. States*, 461 F.3d 632, 636 (5th Cir. 2006). A beneficiary must also be designated "by the participant or the terms of the plan." *Id.*[4] This designation requirement is where Mullins runs into trouble.

Clearly, Mullins alleges she was a beneficiary under the 1990 Policy. And it appears she would be the only beneficiary to those benefits if O'Connor had no employment gap. Yet the issue for Mullins is she attached documents to the Complaint explaining UPS fired and rehired O'Connor in 2000. O'Connor did not designate Mullins as a beneficiary under the 2000 Policy. Nor do the terms of the Plan classify Mullins as beneficiary. In other words, the exhibits directly contradict any conclusory statement on Mullins being a beneficiary of the 2000 Policy—or even having a colorable claim to the

---

[4] *See also Kennedy v. Conn. Gen. Life Ins.*, 924 F.2d 698, 700 (7th Cir. 1991); *Crawford v. Roane*, 53 F.3d 750, 754-56 (6th Cir. 1995); *Teagardener v. Perublic-Franklin Inc. Pension Plan*, 909 F.2d 947, 954 (6th Cir. 1990); *Sladek v. Bell Sys. Mgmt. Pension Plan*, 880 F.2d 972, 979 (7th Cir. 1989).

5

Proceeds. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").

In effect, Mullins argues she is a beneficiary because Securian thought she was at one point and paid the Proceeds. But that does not necessarily make her one under ERISA. *See Lawrence v. Nation*, 192 F. Supp. 3d 1260, 1268 (M.D. Ala. 2016) ("The proper standing analysis turns, as the majority of the *Firestone* Court held, on whether the plaintiff meets the statutory requirements."). Again, either a participant or plan must designate the beneficiary. 29 U.S.C. § 1002(8). So the fact Securian believed she was a beneficiary before paying the Proceeds cannot answer the standing question. Instead, the 2000 Policy designation and Plan provisions are controlling.

Seeing the writing on the wall, Mullins contends—through briefing—she does not know whether UPS terminated O'Connor or if it even matters. That's not good enough. Mullins must allege she is a beneficiary to have standing to bring these claims. *Hobbs*, 276 F.3d at 1240. And in twenty-one pages of pleading, Mullins has zero allegations to support the few places she actually tried to allege being a beneficiary. (Doc. 1 at 17, 19). Oddly enough, those allegations only apply to Counts 6 and 7—the two Mullins is apparently willing to drop. Aside from that technical defect, the bare-bones statements conflict with her own exhibits. Because Mullins decided to attach those documents,

she must live with the consequences of any contradictions. *Griffin*, 496 F.3d at 1206 ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations.").

Mullins citation to *Daughtry v. Birdsong Peanuts* is unconvincing. 168 F. Supp. 2d 1287 (M.D. Ala. 2001). To avoid federal jurisdiction, those plaintiffs argued they did not meet the statutory definition of beneficiaries despite claiming to be entitled to life insurance proceeds (i.e., claiming to be beneficiaries). The plaintiffs specifically alleged the plan participant tried to designate them as beneficiaries. So they had a colorable claim to benefits. And plaintiffs could not speak out of both sides of their mouth—maintaining contradictory positions to both avoid ERISA coverage while pursuing benefits.

The situation here is different. Mullins' exhibits reveal (1) O'Connor was terminated in 2000; and (2) neither O'Connor nor the Plan designated Mullins as beneficiary. Because none of Mullins' conclusory allegations meet the exhibits, she does not pass the statutory test for beneficiaries. And she lacks standing under ERISA. *See Dunn v. Harris Corp.*, 344 F. App'x 530, 532 (11th Cir. 2009).

Perhaps Mullins can allege she is a beneficiary with standing. *See Monday v. Grp. Benefits Plan for Emps. of Martin Brower Co.*, No. 1:06-cv-1979-WSD, 2007 WL 4592097, at *6 (N.D. Ga. Dec. 28, 2007). The Court,

therefore, will permit a chance to do so—provided such allegations are made in good faith. If Mullins (more accurately counsel) cannot make good-faith allegations on standing, she will need to await an inevitable suit filed by Defendants to settle their dispute. Even if this case proceeds, Securian and UPS both suggest they will file counterclaims for reimbursement or restitution. It appears they would be free to at least pursue those claims. *See* (Doc. 22 at 102); 29 U.S.C. § 1132(a)(3); *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 362-67 (2006); *Zirbel v. Ford Motor Co.*, 980 F.3d 520, 522, 524-25 (6th Cir. 2020).

Accordingly, it is now **ORDERED:**

1. Defendants' Motions to Dismiss (Docs. 17; 21) are **GRANTED in part**.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

3. Plaintiff may **FILE** an amended complaint—provided she can do so in good faith—**on or before August 3, 2021**. **The failure to file a timely amended complaint will result in closing the case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 20, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

8