UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIE MULLINS,

    Plaintiff,

v.   Case No: 2:21-cv-247-SPC-NPM

SECURIAN LIFE INSURANCE
COMPANY and UNITED
PARCEL SERVICE OF
AMERICA, INC., EMPLOYEE
GROUP TERM LIFE
INSURANCE PLAN
ADMINISTRATOR,

    Defendants.

/

**OPINION AND ORDER**[1]

Before the Court are Motions to Dismiss filed by Defendants Securian Life Insurance Company and United Parcel Service of America, Inc. ("UPS") (Docs. 51; 52). Plaintiff Marie Mullins responded in opposition (Docs. 54; 55). The Motions are granted.

**BACKGROUND**

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

This case involves the Employee Retirement Income Security Act ("ERISA"). In 1990, Timothy O'Connor took a job with UPS. This made him eligible to participate in UPS' employee life insurance plan ("Plan"). He designated Mullins—his girlfriend—as sole beneficiary ("1990 Policy"). Before his death in 2020, O'Connor never changed the beneficiary designation. So when Securian administered his life-insurance claim, it determined Mullins was beneficiary and paid her a few hundred thousand dollars ("Proceeds").

Afterward, Securian discovered UPS terminated O'Connor in 2000. In doing so, the 1990 Policy lapsed, along with the beneficiary designation. A few months later, UPS rehired O'Connor—making him eligible again to participate in the Plan ("2000 Policy"). *See* (Doc. 37 at 3 n.2). This time, he didn't designate any beneficiary. So when O'Connor died, the Proceeds should have been paid to his family as the Plan explained. Realizing its error, Securian asked Mullins to return the Proceeds. Unsurprisingly, Mullins pushed back.

Eventually, Mullins sued under ERISA. The Court dismissed once ("Order"). Mullins amended, and Defendants move to dismiss again.

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must accept all well-pled allegations as true and view them most favorably to plaintiff. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

## DISCUSSION

Before turning to the merits, it is necessary to address Defendants' contention that Mullins' Amended Complaint was untimely. On review of the docket, the Court finds the pleading was timely. With that settled, the crux of the parties' dispute comes into focus.

As explained in the Order, only certain individuals have standing to sue under ERISA. Based on the initial pleading, Mullins was not among them. The Amended Complaint is no different. Mullins still does not plausibly allege she is a beneficiary with standing under ERISA.[2]

The Amended Complaint does not solve the problems identified in the Order. Apparently, Mullins still believes she is an ERISA beneficiary (for statutory standing purposes) based on Securian's determination. The Order explained why Mullins is wrong. And she offers nothing to call that into doubt.

---

[2] Again, "standing" in this context is somewhat misleading. (Doc. 37 at 4 n.3). Whether Mullins has statutory standing under ERISA does not implicate subject-matter jurisdiction; the inquiry is whether Mullins has a cause of action. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 & n.4 (2014). So the statutory standing question follows Rule 12(b)(6), not Rule 12(b)(1). *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1274 n.6 (11th Cir. 2018); *Griffin v. S. Co. Servs., Inc.*, 635 F. App'x 789, 792 (11th Cir. 2015).

Instead, Mullins omits an exhibit attached to her earlier pleading—which defeats her ERISA standing—while alleging the exhibit is hearsay and unsupported by any other evidence. Securian attached the exhibit to its Motion. (Doc. 51-1). The document says UPS terminated O'Connor and rehired him months later, which meant the beneficiary designation naming Mullins lapsed (i.e., she is not a beneficiary). By making allegations about the exhibit, Mullins' decision to not attach it backfired. *Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020) ("Under the doctrine of incorporation by reference, we may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." (citation omitted)). It is undisputed the Complaint references the exhibit, which is central to the claims. Mullins lofts a conclusory challenge to the exhibit's accuracy. But this does not attack its authenticity, leaving the exhibit undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) ("'Undisputed' in this context means that the authenticity of the document is not challenged."). The exhibit, therefore, can be considered.

Considering the exhibit, the Court once again concludes Mullins did not allege she was an ERISA beneficiary with standing. Mullins' conclusory allegations on being a beneficiary fail given the exhibit explaining O'Connor's job lapse. And the Amended Complaint—like its predecessor—doesn't attempt to allege otherwise. In other words, Mullins has no ERISA cause of action.

Perhaps knowing that would be the answer, the Amended Complaint revamped the claims.

Rather than bring express ERISA claims, Mullins now seeks declarations on her rights under ERISA through the Declaratory Judgment Act ("Act"). Yet that pleading tweak does not change the result. *See Patel v. Hamilton Med. Ctr., Inc.*, 967 F.3d 1190, 1194 (11th Cir. 2020) (recognizing "the plaintiff must still assert an underlying ground for federal court jurisdiction" (cleaned up)). The Act cannot confer jurisdiction. *Fed. Election Comm'n v. Reform Party of U.S.*, 479 F.3d 1302, 1307 n.5 (11th Cir. 2007). In other words, "a suit brought under the Act must state some independent source of jurisdiction." *Borden v. Katzman,* 881 F.2d 1035, 1038 (11th Cir. 1989). Those sources could be familiar friends like diversity or federal-question jurisdiction. *Id.* Because Mullins does not allege another jurisdictional basis, dismissal is proper. *E.g.*, *Goodin v. Fidelity Nat'l Title Ins.*, 491 F. App'x 139, 143 (11th Cir. 2012).

Through briefing, Mullins tries to salvage the situation by advancing a coercive-action theory. This theory permits a dec action when "a coercive action brought by the declaratory judgment defendant . . . would necessarily present a federal question." *Medtronic, Inc. v. Mirowski Family Ventures, LLC,* 571 U.S. 191, 197 (2014) (cleaned up). The question under the coercive-action doctrine is "whether or not the cause of action anticipated by the declaratory

5

judgment plaintiff arises under federal law." *Fastcase, Inc. v. Lawriter, LLC,* 907 F.3d 1335, 1340 (11th Cir. 2018) (citation omitted). For two reasons, that's a square peg in a round hole.[3]

First, Mullins wants to use the Act to circumvent ERISA's strict requirements on who can sue to enforce its provisions. As the argument goes, Mullins' lack of standing is irrelevant because Securian can file a coercive action against her under ERISA. Several courts in this Circuit addressed and rejected similar arguments. *Fontainebleau Fla. Hotel, LLC v. S. Fla. Hotel and Culinary Emps. Welfare Fund,* 508 F. Supp. 3d 1239, 1246-47 (S.D. Fla. 2020); *Source Cap. Fund II, LP v. Iron Workers Loc. No. 25 Pension Fund,* No. 1:16-CV-4007-MHC, 2017 WL 11529668, at *4-6 (N.D. Ga. Dec. 18, 2017). In short, they reasoned parties without ERISA standing cannot simply dress up their claims under the Act because doing so would render ERISA's standing provision meaningless.[4] Congress was particular about "who may bring civil actions under ERISA" and set out "the types of actions each of those parties may pursue." *Gulf Life Ins. v. Arnold,* 809 F.2d 1520, 1524 (11th Cir. 1987). Because ERISA's "standing provisions must be construed narrowly," Mullins'

---

[3] Mullins contends ERISA preempts Securian's Counterclaims. Without deciding the issue, the Court assumes that is true because the result is the same regardless.

[4] *See also Albradco, Inc. v. Bevona,* 982 F.2d 82, 85-86 (2d Cir. 1992); *Oxford Health Ins. v. Motherly Love Home Care Servs., Inc.,* 237 F. Supp. 3d 25, 34-35 (E.D.N.Y. 2017); *Managing Directors' Long Term Incentne Plan ex rel. Comm. v. Boccella,* No. 14 Civ. 7033(PAC), 2015 WL 2130876, at *3-4 (S.D.N.Y. May 6 2015).

effort to end-run those limitations must fail. See *id.*; *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 19-22, 26-27 (1983) ("ERISA carefully enumerates the parties entitled to seek relief under § [1132]; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action for a declaratory judgment.").

Second, even if the Court could make the requested declarations under the Act, it declines to do so. *See Nat'l Tr. Ins. v. S. Heating and Cooling Inc.*, 12 F.4th 1278, 1281 (11th Cir. 2021) (The "district court has discretion in deciding whether to entertain an action under the Act."). There is no need for Mullins' claims on these facts. The coercive-action doctrine "allows parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action." *Fastcase*, 907 F.3d at 1340 (cleaned up). Yet through the Counterclaims, Securian already filed that coercive action Mullins relies on. In such circumstances, courts have discretion to dismiss the declaratory judgment action. *See Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987) (affirming the dismissal of dec action in favor of later-filed coercive suit). At bottom, the parties dispute (1) whether Defendants can recover the Proceeds from Mullins, and (2) if so, to what extent. Given the Counterclaims' ability to resolve those questions, the declarations "serve no useful purpose." *See Wilton v. Seven Falls Co.*, 515 U.S.

7

277, 288 (1995); *see also* Knights Armament Co. v. Optical Sys. Tech., Inc., 568 F. Supp. 2d 1369, 1374-75 (M.D. Fla. 2008).

This outcome is particularly fitting here. As discussed, Mullins has no ERISA standing. To permit her filing of these claims not only sidesteps Congress' limitation on ERISA suits, it also encourages avoiding the administrative process for resolving claims. So the Court exercises its discretion to decline making any declarations. *See Great-W. Life & Annuity Ins. v. Knudson*, 534 U.S. 204 (2002) (explaining courts should be "reluctant to tamper with the enforcement scheme embodied in" EIRSA because it "is a comprehensive and reticulated statute" (cleaned up)).

In sum, the Motions are granted. And it is unnecessary to rule on Defendants' requests to strike. As mentioned above, the Counterclaims are pending. Typically, courts can rule on counterclaims after dismissing plaintiff's complaint. *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1253 n.9 (11th Cir. 1988). And where (as here) a counterclaim has an independent diversity jurisdiction, courts "may adjudicate it as if it were an original claim despite the dismissal of plaintiff's claim." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1414 (3d ed. 2021 update). Because no party contends otherwise, the case will proceed on the Counterclaims.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motions to Dismiss (Docs. 51; 52) are **GRANTED**.

2. Plaintiff's Amended Complaint (Doc. 48) is **DISMISSED**.

3. The case is **ONGOING** as to Defendant's Counterclaims (Doc. 50).

**DONE** and **ORDERED** in Fort Myers, Florida on October 27, 2021.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record